**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lisa T., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>Martin O'Malley, Commissioner of Social Security, <br><br>　　　　Defendant. | 2:23-cv-01583-MDC <br><br>**Order** <br><br>Motion to Remand [ECF No. 10]; Cross-Motion to Affirm [ECF No. 13] |

　　　This matter involves plaintiff Lisa T.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits.  Lisa filed *a motion for remand* (ECF No. 10) and the Commissioner filed a *cross-motion to affirm*. (ECF No. 13).  The Court denies the plaintiff's *motion to remand* and grants the Commissioner's *cross-motion*.

**I.	Background**

　　　Lisa filed an application for a period of disability and disability insurance benefits on August 29, 2019, alleging disability commencing February 2, 2019. AR 221-227. The ALJ held a hearing and denied benefits, which this Court reversed and remanded for further proceedings. *Lisa T. v. Kijakazi*, 2:22-cv-00571-VCF, ECF No. 26 and 27; AR 792 and 793-800. This Court found that remand was necessary because the ALJ did not "explain specifically how the claimant's testimony is inconsistent with the medical evidence" AR 799. In the prior case, plaintiff argued that the definition of the terms "routine" and "conservative" could be used interchangeably. Plaintiff's treatment was not conservative because the injections and narcotic analgesics that Lisa received are not conservative treatments. *Lisa T.*,

1

2:22-cv-00571-VCF, ECF No. 26 at 5:21-23; 7:19; AR 799. While the Court did not find that "routine" and "conservative" could be used interchangeably, the Court did find that the ALJ's characterization of plaintiff's treatment as "routine" was "ambiguous, and thus lacks the support of substantial evidence." AR 798-99.

A different ALJ presided over the remand hearing and denied benefits. ECF No. 10. The ALJ calculated that Lisa met the special earnings requirements for a period of disability and disability insurance benefits through September 30, 2024. AR 741. The ALJ used the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 404.1520. At step one, the ALJ agreed that Lisa did not engage in substantial gainful activity since February 2, 2019. AR 742. At step two, the ALJ found that Lisa suffered from medically determinable severe impairments consisting of degenerative disc disease of the lumbar spine and unspecified arthropathies. *Id.* At step three, the ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 743 (citing 20 C.F.R., Part 404, Subpart P, Appendix 1). The ALJ assessed Lisa as retaining the residual functional capacity to perform the demands of light work in that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can sit for about six hours, and stand and/or walk for about six hours per eight-hour workday with normal breaks; she can occasionally climb ramps and/or stairs, but cannot climb ladders, ropes, and/or scaffolds; she can frequently balance, and occasionally stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to extreme heat and cold, vibration, and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. AR 744.

At step four, the ALJ compared the residual functional capacity assessed to the demands of Lisa's past relevant work as a salesclerk, salesperson, and membership solicitor, and decided that she could perform that kind of work. AR 747. The ALJ concluded that Lisa did not suffer from a disability between February 2, 2019, and the date of the decision. AR 748.

Plaintiff argues that the ALJ failed to articulate clear and convincing reasons for rejecting Lisa's testimony. ECF No. 10 at 5. The plaintiff also argues that the ALJ again states that she received "routine" treatment. *Id.* at 6. The Commissioner argues in both his countermotion and response that the ALJ complied with the remand order because the ALJ clarified the use of the word "routine." ECF No. 13 at 9. The ALJ explained that plaintiff's treatment was routine because it was a "relatively unchanged treatment regimen." *Id.* The plaintiff argues in her reply that the ALJ failed to articulate clear and convincing reasons for rejecting Lisa's testimony. ECF No. 15.

## II. Discussion

### a. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Act and the regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. See 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). where the claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the intensity and persistence of the symptoms. See Social Security Ruling (SSR) 16-3p, available at 2017 WL 5180304. The ALJ must then evaluate whether her statements about symptoms are consistent with (1) the objective medical evidence

and (2) the other evidence in the record. See 20 C.F.R. § 404.1529(c)(2)-(4); SSR 16-3p. An ALJ must make specific findings about a claimant's allegations, properly supported by the record and sufficiently specific to ensure a reviewing court that he or she did not "arbitrarily discredit" a claimant's subjective testimony. See *Lisa T. v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 356-46 (9th Cir. 1991)) (en banc); see also *Smartt*, 53 F.4th at 499 (explaining that in assessing a claimant's subjective allegations, the ALJ must simply "show [her] work" and that "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince).

### b. Analysis

The ALJ remedied the deficiencies raised in this Court's remand order. AR 799; see AR 745-47. In both the prior ALJ decision and the current ALJ decision, the ALJ at times described plaintiff's treatment as "routine management" of her pain symptoms. AR 40, 42, 742, 745. The remand order does not adopt plaintiff's reasoning that the terms "routine" and "conservative" are interchangeable. The Court states in the remand order that the ALJ's characterization of plaintiff's treatment as "routine" was "ambiguous, and thus lacks the support of substantial evidence. AR 798-99. Upon remand, the ALJ clarified the use of "routine" from the prior decision. AR 799. The ALJ explained that he found plaintiff's treatment to be a "relatively unchanged treatment regimen" throughout the relevant period. AR 746. The ALJ reasonably found that this unchanged treatment regimen indicated that plaintiff's treatment was effective at managing her symptoms without changes, which contradicted her allegations of limitations. See *Wellington v. Berryhill*, 978 F.3d 867, 876 (9th Cir. 2017) *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2005).

The current ALJ followed this Court's remand order and did not err in providing a similar summary of the medical evidence. This Court found that remand was necessary because the ALJ did not

"explain specifically how the claimant's testimony is inconsistent with the medical evidence." AR 799. In the instant case, after summarizing the evidence, the ALJ provided a thorough explanation of how the medical evidence contradicted plaintiff's testimony. The ALJ found, for example, no more than mild functional deficits, intact sensation and strength, normal gait, and no use of a walker. AR 746-47. The ALJ reasonably found that this evidence was inconsistent with plaintiff's allegations that she could only lift a maximum of five pounds and that she had problems sitting, standing, and walking such that she required an assistive device to ambulate. AR 746. Because the medical evidence concerning the period up to the prior ALJ decision remained the same, the ALJ had no reason to change the prior medical evidence summary.

The ALJ also made sufficiently specific findings. The ALJ compared plaintiff's subjective allegations to the objective medical evidence and other evidence that is relevant to the case. AR 744-47. The ALJ noted that plaintiff alleged disability due to low back pain with left lower extremity numbness. AR 744, citing AR 253. The ALJ noted that Plaintiff's medical records from 2019 and 2020 generally showed only mild discomfort and normal gait. AR 745. The ALJ observed that during physical examinations the plaintiff showed mild discomfort, had a normal gait, was able to stand on her heels and toes, had no muscle atrophy, exhibited normal muscle strength, and had intact sensation. AR 525, 531, 533, 536, 538, 542, 544, 627, 630, 636, 642, 717.

The ALJ noted that plaintiff had some deficits in flexion and extension of the lumbar spine, but she exhibited normal gait, strength, range of motion, and coordination. AR 745, citing AR 676, 723, 734. The ALJ noted that plaintiff described her overall health as "good" and made no mention of ongoing spine problems. AR 745. The ALJ reasonably discounted plaintiff's subjective symptom testimony based on these contradictions between the objective medical evidence and plaintiff's alleged symptoms. AR 744-46. The ALJ also reasonably interpreted plaintiff's description of her "good" health

as referring to her musculoskeletal conditions because these treatment visits concerned plaintiff's musculoskeletal conditions. AR 745. The ALJ also reasonably found that the plaintiff showed significant improvement with prescribed treatment, to treatment with pain medication and steroid injections, which contradicted the extent of plaintiff's alleged limitations. AR 745-47.

Regarding plaintiff's daily activities, the ALJ reasonably found plaintiff's subjective allegations to be inconsistent. AR 745-46. The ALJ observed, for example, that plaintiff engaged in an array of daily activities that conflicted with her alleged level of limitation, such as the reports that plaintiff "was exercising more" and stayed active. AR 745-46 and 1016. While plaintiff argues for a different interpretation of the evidence, the task of weighing the evidence lies solely with the ALJ. The ALJ's findings are supported by substantial evidence and therefore entitled to deference.

### c. Conclusion

Substantial evidence supports that ALJ's assessment of plaintiff's subjective allegations. The ALJ articulated valid reasons for discounting plaintiff's subjective allegations, in accordance with the applicable regulations and case law. AR 744-47. The ALJ followed the remand order and clarified the use of the word "routine" and noted that plaintiff's conditions responded well to prescribed treatment. AR 745-47. See 20 C.F.R. § 404.1529(c)(3)(iv)-(v). The ALJ also reasonably found that plaintiff's allegations were not consistent with the medical evidence. AR 745-47. See 20 C.F.R. § 404.1529(c)(2); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). *Wellington v. Berryhill*, 978 F.3d 867, 876 (9th Cir. 2017); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2005). The ALJ also considered that plaintiff's daily activities contradicted her subjective allegations. AR 745-46. See 20 C.F.R. § 404.1529(c)(3)(i); *Smartt*, 53 F.4th at 499-500. Because substantial evidence supports the ALJ's findings, this Court affirms.

//

Accordingly, it is so ordered that:

1. Plaintiff Lisa T.'s *motion for reversal and/or remand* (ECF No. 12) is DENIED.

2. The Commissioner's *cross-motion to affirm* (ECF No. 14) is GRANTED.

3. The Clerk of Court is directed to enter FINAL JUDGMENT in favor of Martin O'Malley, the Commissioner of Social Security.

4. The Clerk of Court shall CLOSE this case.

It is so ordered.

Dated this 11th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge